## Gay *versus* Waltman.

1. In Pennsylvania one partner can bind his co-partners by submission to arbitration by agreement, not under seal, in any partnership matter.

2. A parol award made on a parol submission is a valid award. The law requires no particular form to establish a valid submission. When it is by parol, the fact must be established to the satisfaction of a jury by a preponderance of testimony.

3. W. brought an action of debt on an award of arbitration against J. and C., as partners. C., in an affidavit of defence, denied that he was the partner of J. as to the subject-matter of the submission, and afterwards so pleaded. J. and C. also both pleaded the general issue, At the trial defendants asked leave to withdraw the plea of no partnership, which the court permitted them to do, stating that the effect of the withdrawal of the plea was to admit the partnership, to which ruling no exception was taken. *Held*, that thus amended the pleadings admitted the partnership.

March 18th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas of *Wyoming county*: Of January Term 1879, No. 200.

Debt, on an award of arbitrators, by A. Waltman against James Gay and Calvin Gay, partners, doing business as James & Calvin Gay.

Calvin Gay filed an affidavit of defence, wherein he averred that as a partner of James Gay he had never agreed to make a submission to arbitrators, and that, as such partner, he was not indebted to plaintiff. He subsequently pleaded that he was not a partner in this case with James Gay, and pleaded generally *nil debet*, payment with leave, &c., and also, with James Gay, put in the plea of " no award." At the trial the plaintiff was proceeding to give evidence of the partnership, when the counsel for the defendants asked leave to withdraw the plea of no partnership, saying, " Our affidavit does not deny the partnership, but only the partnership as to this transaction." The court permitted the plea to be withdrawn, remarking " Withdrawing that plea we regard as withdraw-

[Gay *v.* Waltman.]

ing the matter of partnership entirely from the case, and leaving it (as under the rules of court) as though there was no affidavit to the contrary;" and added, in the hearing of counsel of defendant, " We now understand that the burden of proving the partnership is taken from you (the plaintiff) and that you have only now to prove the submission and award." The court, in pursuance of this declaration, subsequently excluded offers of testimony by the plaintiff, tending to prove the partnership. No exceptions to these rulings were taken by defendants.

The plaintiff testified that he had leased a half interest in a sawmill to the defendants ; that a dispute arose, and, being unable to settle what plaintiff was to receive for the use of the mill, James Gay and witness agreed to refer the matter to three arbitrators ; that when the arbitrators met the two Gays and plaintiff appeared before them ; that it was then agreed that the only question that should be submitted to the arbitrators was, what plaintiff should receive from James and Calvin Gay, as partners, for the use of the mill ; that the arbitrators heard witness's statement as to the use of the mill, and that of one of the Gays as to the use by the Gays, and announced the award verbally, so far as witness knew ; that he did not see any writing present ; that they awarded witness for the use of the mill $1040 and some cents. The defendants admitted that there had been a submission and award, but testified that the submission was as to matters in dispute between plaintiff and James Gay, and was made by the latter for himself alone ; that Calvin Gay had no interest in the matters in dispute, did not authorize the submission, and was not present at the meeting of the arbitrators. The testimony of the arbitrators was not positive either as to the subject-matter of the submission, or whether the award was against one or both Gays, or whether both were present at the meeting. The award had been made several years before the trial and no memorandum thereof seemed to have been preserved.

The defendants submitted the following points, all of which the court refused :

1. There is no evidence in this case from which you can reasonably conclude that the defendants submitted all matters then in controversy between them and the plaintiff to the arbitration of three persons, mutually chosen and agreed upon by the said plaintiff and defendants, nor that the arbitrators chosen made an award in favor of the plaintiff and against the defendants; and that your verdict should be for the defendants.

2. One partner cannot bind another by his submission to arbitration even of matters arising out of the business of the firm.

3. The pleadings do not admit the partnership.

In the general charge the court, Ingham, P. J., inter alia, said : "As the case stands the existence of the partnership in relation to

[Gay v. Waltman.]

the subject-matter of the action must be regarged as admitted. * * * " These arbitraments may be either in writing, and the award in writing, or they may be simply by parol agreement, and the award may be by parol. Such must have been the submission and award, if any, in this case, the whole matter being by parol; and you therefore depend entirely upon the evidence of the witnesses in making up your verdict. That is, however, sufficient, if the evidence is sufficiently clear to enable you to satisfy your minds that there was submission, what was submitted, and what was the award of the arbitrators."

Verdict for plaintiff. Defendant took this writ and assigned for error the answers to the above points, and the portion of the charge noted.

*Felix Ansart*, for plaintiffs in error.—The submission should be clearly proved; who were the parties to it; what was the award; in whose favor and against whom. Where a case is submitted to a jury upon clearly insufficient evidence, such as no court ought to sustain a verdict upon, it should be reversed: Cauffman et al. *v.* Long, 1 Norris 72.

One partner cannot bind his co-partner by a submission to arbitration. There must be evidence, written or otherwise, of an authority conferred: Collyer on Partnership, sect. 439, notes 2 and 3; 3 Kent's Com., sect. 49; Story on Partnership, sect. 114; American Leading Cases, 5th ed., p. 452, notes 5 and 6.

In the case of Taylor et al. *v.* Coryell et al., 12 S. & R. 243, it is decided "that one partner may fairly enter into an agreement to refer, by writing, not under seal, any partnership matter, and this would bind the whole firm." This case only extends to an agreement in writing, and should not be extended to sustain a verbal award on a parol submission. In the case of Harper *v.* Fox, 7 W. & S. 143, we have the dictum of C. J. GIBSON, as follows: " A partner has power to dispose of the joint effects by his separate act; and that he may not bind the firm by submission to arbitration, or confession of judgment, is because it would bind the persons and separate estates of the members and thus transcend the limits of partnership authority."

The remarks of counsel for plaintiff and their offer to prove the partnership, show clearly that they did not consider that the defendant had admitted the partnership or that it was admitted by the pleadings.

*W. E. & C. A. Little* and *Sittser & Harding*, for defendant in error.—Under the ruling in Taylor et al. *v.* Coryell, *supra*, one partner may bind his co-partner, by an agreement not under seal, to refer any partnership matter, and this decision extends to all agreements not under seal. With what reason can it be maintained

[*Gay v. Waltman.*]

that one partner may pay a firm debt or agree to the amount thereof and that he cannot refer to others the question of amount before he shall pay. The defendants were warned of the effect of their withdrawal of their plea of no partnership and they took no exception to the ruling of the court. There is no rule of law which requires a submission to be in writing : 2 Tr. & H. Pract. 752, 3d ed. by Wharton ; McManus v. McCulloch, 6 Watts 357 ; Barnum v. Bachman, 5 Luz. Leg. Reg. 145 ; Hillard's American Law, vol. 2, p. 237, and cases cited ; Titus v. Scantling, 4 Blackf. 89 ; Bouv. Inst., vol. 3, p. 47.

Mr. Justice MERCUR delivered the opinion of the court, May 5th 1879.

This was an action on a parol award of arbitrators. The submission was by parol, but whether made by one or both the copartners was a question in controversy.

The general rule in England and in many of our sister states, is that one partner cannot bind his copartner by submission to arbitration. In Pennsylvania it is held that he may so bind his copartner, by agreement not under seal, in any partnership matter. The question was carefully considered in Taylor et al. v. Coryell et al., 12 S. & R. 243. In that case the evidence did not show either consent or dissent on the part of the copartner. The able opinion of Mr. Justice DUNCAN well states many of the practical inconveniences that would result from a denial of that power. It cannot be done by instrument under seal because the authority to execute a deed must be by deed. That, however, applies to the manner of binding a copartner, and not to the question of implied agency. When the submission is confined to cases for settling and determining claims arising in the partnership business, it is difficult to assign any substantial reason for denying the power of one partner in good faith, to bind his copartner, by a parol submission. The same doctrine is held in Southard v. Steele, 3 Monroe R. 433. The incidental dictum of Mr. Chief Justice GIBSON in Harper v. Fox, 7 W. & S. 143, in no wise impairs the authority of Taylor v. Coryell.

The subject-matter of submission from which the present action arises, was to determine the sum justly due from the plaintiffs in error, to the defendant for their use of a saw-mill, in which he owned the undivided half. If they had used the mill in manufacturing their lumber, it was clearly within the scope of the partnership business for one partner to ascertain the sum due and pay the same. Failing to agree with the owner of the mill, one partner had the right to submit the question by parol to arbitrators to decide, and the firm was bound by the award made in pursuance of the submission. A parol award made on a parol submission is a valid award: McManus v. McCulloch, 6 Watts 357.

[Gay v. Waltman.]

It is contended that conceding the power of one partner to bind his copartner by a submission, yet the evidence of an agreement in this case was insufficient to leave to the jury. We think the evidence of the defendant in error was amply sufficient to justify the court in submitting the question to the jury. He testified in substance that he leased his half of the mill to James and Calvin Gay; that he was unable to settle with them as to the sum he was entitled to receive therefor; that he and they submitted it to three men named; that at first it was also agreed that the arbitrators should determine the differences between him and James Gay; but while the parties were present before the arbitrators, talking the matters over, the submission was so changed, as to leave to them to decide what he should have for the use of the mill as between him and James and Calvin Gay. After stating where the arbitrators met, he proceeded to say, " They heard my statements or allegations as to the use of the mill, and Mr. Gay's accounts and statements as to the use of the mill by them, and announced the award, verbally, as far as I know. I did not see any writing present. They awarded me for the use of the mill from these parties, $1040 and some cents—fifty-nine cents, I think." The fact that some other evidence was in conflict with this, or threw doubt on the correctness of Waltman's evidence, was insufficient to withdraw the case from the jury. The law requires no particular form to establish a valid submission. When it is by parol, the fact must be established to the satisfaction of a jury by a preponderance of testimony: McManus v. McCulloch, supra. The learned judge said to the jury that they must "depend entirely on the evidence of the witnesses in making up your verdict. That is, however, sufficient, if the evidence is sufficiently clear to enable you to satisfy your minds that there was submission, what was submitted, and what was the award of the arbitrators." In view of the manner in which the case was tried and went to the jury, the plaintiff has no just cause of complaint with this direction.

The remaining question relates to the proof of partnership. The rule of court declares that in actions by or against partners, it is not necessary on the trial to prove the partnership; but it shall be taken to be admitted as alleged on the record, unless one or more of the defendants shall make and file an affidavit denying the existence of the partnership as alleged. In this case Calvin Gay filed an affidavit denying that he was a partner, and also pleaded that he was not a partner in the case with James Gay. After the jury was sworn and the plaintiff below was proceeding to give evidence to establish the partnership, the counsel for the defendant below asked leave to withdraw the plea of no partnership, which the court permitted to be done; but at the same time stated in the hearing of their counsel that this must be regarded as an admission of the partnership as fully as if no affidavit had been

[Gay *v*. Waltman.]

filed, and thereupon excluded the plaintiff below from giving further testimony of that fact. To this ruling of the court the counsel for plaintiff in error took no exception and made no objection. They assented to it, thereby influencing the subsequent action of the court, and of the opposite party. Nor is the effect of it changed by the fact that the notes of the stenographer show that the counsel for defendants below then remarked, "Our affidavit does not deny the partnership; but only the partnership as to this transaction." The existence of the partnership had been put at issue only as to the transaction in question. It was to that issue only, that the affidavit and plea applied. Having been withdrawn under the circumstances stated, the court committed no error in saying to the jury in the charge, " As the case now stands, the existence of the partnership in relation to the subject-matter of the action must be regarded as admitted."

We discover no error in the record.

Judgment affirmed.